# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

The Trustees of the Sheet Metal Local #10 Control Board Trust Fund,

Plaintiffs,

vs.

McPhillips Sheet Metal, Inc., a Minnesota corporation,

Defendant.

Civil File No. 01-760 PAM/JGL

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**

Rosene, Haugrud & Staab, Chartered, by ANDREW E. STAAB, Esq., of St. Paul, Minnesota, appeared for Plaintiffs.

____________________________________________, appeared for Defendant.

This matter came on for hearing before the Court on August 24, 2001, on Plaintiffs' motion for entry of Defendant's default, for default judgment, and for an Injunction.

Upon all files, records and proceedings herein, the Court makes the following:

## FINDINGS OF FACT

1. The Defendant was served with the Summons and Complaint in the present action on May 4, 2001.
2. That Defendant is neither an infant nor an incompetent person.
3. That Defendant has failed to Answer, or otherwise defend, and is in default.
4. Defendant is signatory to the Labor Agreement between the Twin Cities Division of Sheet Metal and Roofing Contractors Association ("SMARCA") and the Sheet Metal Workers Local No. 10 of Maplewood, Minnesota ("the Union").
5. Pursuant to the above-referenced Labor Agreement, Defendant is obligated to submit to Plaintiffs

FILED AUG 24 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD AUG 24 2001
DEPUTY CLERK

monthly fringe benefit contribution Report Forms indicating the fringe benefit contribution payment amounts due for the prior month.

6. Pursuant to Defendant's monthly fringe benefit contribution Report Forms through April 30, 2001, the fringe benefit contribution is the amount of $7,570.64, plus liquidated damages in the amount of $1,514.13 for a subtotal of $9,084.77.

Based on its review, the Court reaches the following:

**CONCLUSIONS OF LAW**

1. That Plaintiffs' motion for entry of Defendant's default and for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure is granted.

Based on the foregoing, IT IS HEREBY ORDERED:

**ORDER**

1. That Defendant is in default, and Plaintiffs are entitled to judgment against Defendant for delinquent fringe benefit contribution payments in the amount of $7,570.64, liquidated damages in the amount of $1,514.13, attorney fees in the amount of $500.00, and costs in the amount of $168.00 for a total of $9,762.77 ($7,570.64+$1,514.13+$500.00+$168.00=$9,762.77).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 24, 2001

Paul A. Magnuson
United States District Judge

H:\LABOR\6310_6340_6340 SHEET METAL\6340.25 MCPHILLIPS\DOCS\FIND & ORDER.DOC

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: **AUG 24 2001**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995